GARY M. RESTAINO
United States Attorney
District of Arizona

PETER SEXTON
Arizona State Bar No. 011089
KRISTEN BROOK
Arizona State Bar No. 023121
LEIGHANN THOMAS
Illinois State Bar No. 6327687
LINDSAY SHORT
Arizona State Bar No. 034125
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Emails: Peter.Sexton@usdoj.gov
Kristen.Brook@usdoj.gov
LeighAnn.Thomas@usdoj.gov
Lindsay.Short@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-21-00977-002-PHX-GMS |
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Toni Richardson, | |
| Defendant. | |

Plaintiff, United States of America, and defendant, Toni Richardson, dba The Lotto Club, with the advice and consent of defense counsel, hereby agree to dispose of this matter on the following terms and conditions:

**1.   PLEA**

Defendant will plead guilty to Count One of the Indictment, charging defendant with a violation of 18 United States Code (U.S.C.) § 371, Conspiracy to Commit Bank Fraud, a Class D felony offense.

**2.   MAXIMUM PENALTIES**

a. A violation of 18 U.S.C. § 371 is punishable by a maximum fine of $250,000 or twice the pecuniary gain or loss incurred by another (18 U.S.C. § 3571), a maximum term of imprisonment of 5 years, or both, and a term of supervised release of three years. The maximum term of probation is five years (including a minimum term of one year if probation is imposed).

b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order defendant to:

(1) make restitution to any victim of the offense pursuant to 18 U.S.C. §§ 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4) pay upon conviction a $100 special assessment for each count to which defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c. The Court is required to consider the Sentencing Guidelines in determining defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3. **AGREEMENTS REGARDING SENTENCING**

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree and stipulate:

a. <u>No Agreements</u>. There are no agreements regarding the final sentence in the case. The parties are free to make any sentence recommendations to the Court they believe are appropriate.

b. <u>Loss Amount</u>. Pursuant to U.S.S.G. § 2B1.1, for purposes of calculating the

Sentencing Guidelines range, the loss from defendant's unlawful conduct is more than $550,000 but less than $1,500,000.

c. <u>Abandoning Law Enforcement Certifications</u>. By sentencing, defendant agrees to relinquish and forfeit all law enforcement certifications that she has, and never seek re-instatement or certification as a law enforcement officer in any State or Federal jurisdiction in the United States.

d. <u>Restitution</u>. Pursuant to 18 U.S.C. § 3663 and/or 3663A, defendant specifically agrees to pay full restitution, regardless of the resulting loss amount but in no event more than $1,276,500, to all victims directly or proximately harmed by defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw defendant's guilty plea or to withdraw from this plea agreement.

e. <u>Assets and Financial Responsibility</u>. Defendant shall make a full accounting of all assets in which defendant has any legal or equitable interest. Defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). Defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to defendant in order to evaluate defendant's ability to satisfy any financial obligation imposed by the Court. Defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

4. **RECOMMENDATIONS REGARDING SENTENCING**

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend:

a. <u>Acceptance of Responsibility</u>. If defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding defendant's commission of the offense, and if defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

b. <u>Non-Binding Recommendations</u>. Defendant understands that these recommendations are not binding on the Court. Defendant further understands that defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

5. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States, at the time of sentencing, shall dismiss the following charges: Counts 2-11 of the Indictment.

b. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

6. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b. If defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated.

In such event, defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. Defendant understands that any statements made at the time of defendant's change of plea or sentencing may be used against defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

7. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

Defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against defendant, or any aspect of defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

8. **DISCLOSURE OF INFORMATION**

a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b. Any information, statements, documents, and evidence that defendant provides to the United States pursuant to this agreement may be used against defendant at any time.

c. Defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1) criminal convictions, history of drug abuse, and mental illness; and

(2) financial information, including present financial assets or liabilities that relate to the ability of defendant to pay a fine or restitution.

9. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a. Nothing in this agreement shall be construed to protect defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

10. **ELEMENTS**

To prove the crime of *Conspiracy* to Commit Bank Fraud, in violation of *18 U.S.C. § 371*, the government must prove the following elements beyond a reasonable doubt:

1. On or about the period set forth in the Indictment and the factual basis below, in the District of Arizona and elsewhere, there was an agreement between two or more persons to commit the crime of Bank Fraud, in violation of 18 U.S.C. § 1344;

2. Defendant became a member of the conspiracy knowing that its object was to commit Bank Fraud, and to help accomplish Bank Fraud; and

3. Defendant committed at least one overt act, as set forth below, for the purpose of carrying out the conspiracy.

The elements of **Bank Fraud**, in violation of *18 U.S.C. § 1344*, the object of the Conspiracy, are:

1. Defendant knowingly participated in, executed, or attempted to execute a scheme or artifice to defraud a financial institution to obtain moneys, funds, credits, assets, securities, or other property owned by, or in the custody or control of, a financial institution by means of materially false or fraudulent pretenses, representations or promises;

2. Defendant did so knowingly and with intent to defraud, that is, the intent to deceive and cheat; and

3. The financial institution was insured by the Federal Deposit Insurance Corporation.

The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive and cheat a financial institution and deprive it of something of value.

**11. FACTUAL BASIS**

Defendant admits that the following facts are true, and that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt:

*From on or about February 2021 through October 2021, in the District of Arizona and elsewhere, defendant Toni Richardson, with co-defendant Willie Mitchell aka Blu Mitchell, conspired and schemed, with each other and others, to willfully and knowingly devise a scheme and artifice to defraud Western State Bank, an institution insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, representation, and promises, including preparing and submitting a false and fraudulent Paycheck Protection Program ("PPP") loan application on behalf of The Lotto Club in order to obtain $1,276,500 in government-guaranteed loans through the PPP.*

*To perpetrate the conspiracy to commit bank fraud, these conspirators conspired to prepare and submit a false and fraudulent PPP loan application on behalf of The Lotto Club to Western State Bank, using false and fraudulent information, including fake*

*employment data and false monthly payroll data. Specifically, they submitted a fictitious payroll ledger purporting to show the monthly wages of 83 The Lotto Club employees with an average monthly payroll of approximately $510,635. In fact, at the time the application was filed, The Lotto Club did not conduct any business; did not have any employees; and did not have an existing payroll.*

*As a result of the fraudulent application, these conspirators obtained $1,276,500 in government-guaranteed loans that were intended to be provided to existing businesses harmed by the COVID-19 pandemic. After receiving the loan proceeds, defendants Richardson and Mitchell used the funds for improper expenses and caused $194,577 to be issued via check to a bank account controlled by defendant Mitchell and other expenditures inconsistent with PPP permissible expenses. In addition, after receiving the loan proceeds, defendants began issuing fraudulent payroll in a deceptive effort to have the loan forgiven.*

*All in violation of 18 U.S.C. § 371.*

Defendant shall swear under oath to the accuracy of this statement and, if defendant should be asked to testify about this matter, any intentional material inconsistencies in defendant's testimony may subject defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE BY DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that my defense attorney has represented me in a competent manner.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

3/31/22
Date

_____
TONI RICHARDSON
Defendant

### APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with defendant. No assurances, promises, or representations have been given to me or to defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4/4/2022
Date

_____
LOYD U. TATE
Attorney for Defendant

### APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

March 14, 2022
Date

_____
PETER SEXTON
KRISTEN BROOK
LEIGHANN THOMAS
LINDSAY SHORT
Assistant U.S. Attorney

- 10 -

## ACCEPTANCE BY THE COURT

GMS 9-19-22

Date

/s/ G. Murray Snow
HONORABLE G. MURRAY SNOW
United States District Judge

- 11 -