GARY M. RESTAINO
United States Attorney
District of Arizona

JAMES R. KNAPP
Arizona State Bar No. 021166
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email:James.Knapp2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-00977-002-PHX-JJT |
|---|---|
| Plaintiff, | **MOTION TO AMEND JUDGMENT** |
| vs. | |
| Toni Louise Richardson, | |
| Defendant. | |

The United States moves to amend the Judgment in this case to reflect the full restitution amount of $1,276,500. Federal Rule of Criminal Procedure 35(a) permits the Court, within 14 days of the imposition of a sentence, to "correct a sentence that resulted from arithmetical, technical, or other clear error." *Cf. United States v. Brown*, No. 4:18-CR-242-A(01), 2019 WL 329599, at *2 (N.D. Texas Jan. 25, 2019) (granting Rule 35(a) motion to correct restitution).

On September 19, 2022, the Court ordered the payment of $1,014,500 in restitution to the Small Business Administration (SBA) as part of the sentence. (ECF No. 74 (Judgment).) The Presentence Investigation Report (PSR) calculated that the total amount of restitution is $1,276,500, but the Court reduced that restitution amount in the Judgment by $262,000 based on assets seized and forfeited from Richardson's bank account. (PSR ¶¶ 16, 19.)

The restitution amount should not be reduced by the value of any forfeited assets. *United States v. Davis*, 706 F.3d 1081, 1083 (9th Cir. 2013) (rejecting argument that defendant's "forfeiture amount should be offset by his restitution amount"). "[F]orfeiture and restitution serve different purposes or goals. Forfeiture is imposed as punishment for a crime; restitution makes the victim whole again." *Id.* at 1083.

Moreover, reducing a restitution amount by the value of forfeited assets jeopardizes the United States' ability to compensate crime victims. "Returning forfeited assets to victims through the remission and restoration processes is one of the primary goals of the Department of Justice's (Department) Asset Forfeiture Program." *See* DOJ Asset Forfeiture Policy Manual (2021) Ch. 14, available at https://www.justice.gov/criminal-afmls/file/839521/download. Restoration is a streamlined process that relies on a court's restitution order to promptly distribute money to victims. *See id*. at Ch. 14(II)(B); *see also* 21 U.S.C. § 853(i)(1) (authorizing the Attorney General to "restore forfeited property to victims").

For this process to work, however, the restitution order must include the full amount calculated by the Court under 18 U.S.C. § 3664. For example, suppose a defendant steals $100,000 from a victim and still has $80,000 of the proceeds in his bank account, which the government seizes and forfeits. If the restitution amount is offset by the value of the forfeited assets, the restitution order would only authorize the victim to receive $20,000. As a result, the maximum amount the victim could receive from the forfeited assets through the restoration process would be $20,000.[1]

Accordingly, the United States moves the Court to amend the Judgment in this case

---

[1] It might still be possible to compensate victims through a petition for remission, but that process requires crime victims to affirmatively petition for reimbursement. "Restoration is an alternative to petitions for remission in cases where both forfeiture and restitution have been ordered and is designed to accommodate victims and the courts to the furthest extent possible while still meeting the statutory and regulatory requirements for remission." *See* DOJ Asset Forfeiture Policy Manual (2021) Ch. 14(II)(B).

(ECF No. 74) to reflect the full restitution amount of $1,276,500.

Respectfully submitted this 30th day of September 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/ James R. Knapp

JAMES R. KNAPP
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on 9/30/2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with a copy to the following CM/ECF registrant:

Loyd C. Tate

 s/ James Knapp
U.S. Attorney's Office

- 3 -