**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00977-002-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Toni Louise Richardson, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Quash and Claims of Exemption (Doc. 112). For the reasons stated below, Defendant's Motion is denied.

## BACKGROUND

On May 27, 2022, Toni Louise Richardson ("Defendant") plead guilty to Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 371. (Doc. 112-1 at 1). On September 19, 2022, this Court sentenced Defendant to 15 months in the custody of the Bureau of Prisons, followed by 36 months supervised release. (*Id.* at 2). In addition to her custodial sentence, this Court also ordered the Defendant to pay a special assessment of $100.00 and restitution of $1,014,500.00, both due immediately. (*Id.* at 3). The Court further ordered that "payments of the total criminal monetary penalty are due as follows: Balance is due in equal monthly installments of $250.00 to commence 60 days after the release from imprisonment." (*Id.*).

On February 17, 2023, the United States filed an Application for Writ of

Garnishment on accounts owned by the Defendant. (Doc. 112-1 at 3). Defendant then filed this Motion to Quash and Claims of Exemption (Doc. 112).

## DISCUSSION

### I.     Motion to Quash

Federal courts may order restitution under the Mandatory Victims Restitution Act of 1996 ("MVRA"). 18 U.S.C. 3663A. Once ordered, "[t]he United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "Despite the existence of a payment schedule for restitution in a judgment, the United States may pursue immediate or adjusted enforcement of restitution as long as the judgment contains nothing to the contrary." *United States v. Webb*, No. CR-10-01071-001-PHX-JAT, 2014 WL 4371276, at *1 (D. Ariz. Sept. 4, 2014) (citations omitted).

While this Court established a minimum payment schedule for Defendant, nothing in the Court's order limits the United States' ability to enforce the judgment according to federal law. Indeed, this Court expressly made the sum of restitution due immediately. (Doc. 112-2 at 1-2). The Court did not elect to make the due date of restitution line up with the payment schedule. *See United States v. Roush*, 452 F.Supp.2d 676, 681 (N.D. Tex. 2006) (holding the United States could not garnish Defendant's wages because judgment did not make penalty "due immediately"). Accordingly, because nothing in this Court's judgment precludes garnishment and because the restitution amount is currently due, Defendant's Motion to Quash is denied.

### II.    Claims of Exemption

Defendant claims her rental income, brokerage funds, and retirement funds are exempt from garnishment.[1] The MVRA grants the United States broad authority to enforce unpaid fines. Property exempted under the MVRA is the same as property exempted from levy for taxes under section 6334 of the Internal Revenue Code. 18 U.S.C. § 3613. State

---

[1] During the August 14, 2023 hearing, the government conceded that Defendant's VA benefits account is exempt from garnishment and has released that account.

exemptions do not have effect. *United States v. Citigroup Glob. Mkts., Inc.*, 569 F. Supp. 2d 708, 711 (E.D. Tex. 2007). Provisions of section 303 of the Consumer Credit Protection Act ("CCPA") also apply. 18 U.S.C. § 3613(a)(3). Under that, the United States is limited as to the maximum amount of "aggregate disposable earnings" it can garnish from an individual: either 25% of weekly disposable earnings or thirty times the Federal minimum wage, whichever is less. 15 U.S.C. § 1673(a).

Defendant claims certain "rental income" produced from two of her owned properties should be subject to the maximum garnishment restrictions under the CCPA. Rental income, however, does not fit within the plain meaning of "earnings" under the CCPA. 15 U.S.C. § 1672(a) ("The term 'earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program."). Under the CCPA, "earnings" refers to compensation for personal services. *Id.* Rental income does not fit into this definition because it does not involve a personal service. *See United States v. Belfort*, 340 F. Supp. 3d 265, 268 (E.D.N.Y. 2018) (holding income from LLC membership shares is not included in the CCPA's definition of earnings). Accordingly, Defendant's exemption claim for rental income is denied.

Defendant also claims her brokerage and retirement accounts are exempt. (Doc. 112-1 at 11–12). In *Novak*, however, the Ninth Circuit held that "the government can immediately garnish the corpus of a retirement plan to satisfy a MVRA judgment . . . if, but only if, the terms of the plan allow the defendant to demand a lump sum payment at the present time." *United States v. Novak*, 476 F.3d 1041, 1065 (9th Cir. 2007). Where a restitution order is in place, the government may effectively "step into the *defendant's* shoes"—including withdrawing from such accounts even if a penalty would apply. *Id.*; *see also United States v. Sayyed*, 862 F.3d 615, 618–19 (7th Cir. 2017). As such, the government here is permitted to garnish Defendant's brokerage and retirement account to the extent that Defendant has access to the funds in those accounts, notwithstanding any penalties that may be incurred.

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Quash and Claims of Exemption (Doc. 112) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's VA disability income remains exempt.

Dated this 30th day of October, 2023.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge