1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America,

          Plaintiff,

      v.

Toni Louise Richardson,

          Defendant,

Nationwide Retirement Solutions,

          Garnishee.

**CR 21-00977-002-PHX-GMS**

**GARNISHMENT DISPOSITION ORDER**

    This matter is before the Court for entry of a Garnishment Disposition Order under 18 U.S.C. § 3613(a), (f) and 28 U.S.C. § 3205(c) against the substantial nonexempt property of Defendant Toni Louise Richardson. On February 22, 2023, the government obtained a writ of garnishment which it served on Garnishee Nationwide Retirement Solutions (NRS). (Doc. 97). NRS answered and has held funds subject to the garnishment in total sum of $72,718.80 as of market close 3/6/23. (Doc. 102).

    Defendant filed a Motion to Quash and Claims of Exemption in response to the garnishment. (Doc. 112). Issues were briefed and the Court heard arguments on August 14, 2023. (Doc. 124). The Court denied Defendant's Motion to Quash and Claims of Exemption and ruled that, to the extent defendant can liquidate the garnished accounts, the funds in those accounts must be applied toward unpaid

restitution. (Doc. 127). The government's Motion to Enter Garnishment Disposition Order is GRANTED. The accounts subject to the garnishment as shown in Garnishee's Answer shall be liquidated and transferred as follows:

1. NRS shall remit to the Clerk of the Court 100% of the value of the garnished accounts as of market close when this Order is processed and shall simultaneously send the government's attorney a final statement or similar documents containing the liquidated balances in each garnished account.

2. The Clerk of the Court shall withhold 20% of the value of the garnished accounts (Withheld Funds) to pay defendant's tax liability once that liability is determined. The Clerk of the Court shall distribute the remaining 80% as restitution to the victim.

3. A ten-percent penalty under the Internal Revenue Code shall not be assessed against defendant or withheld from the garnished funds. *United States v. Novak*, 476 F.3d 1041, 1063 n.25 (9th Cir. 2007); *Murillo v. Commission*, T.C. Memo, 1998-13, 1998 WL 6462 (U.S. Tax Ct., 1998).

4. Once determined based upon completion of defendant's 2023 federal and state income tax returns, defendant shall apply to the Court with proof of taxes owed resulting from this garnishment and request an order directing the Clerk of Court to release sufficient Reserve Funds to pay those taxes owed directly to the Internal Revenue Service and/or the Arizona Department of Revenue, as applicable.

5. If the Withheld Funds are insufficient to satisfy defendant's tax liability resulting from this garnishment, defendant remains liable for the difference. If the Withheld Funds exceed defendant's tax liability resulting from this garnishment, the remaining funds shall be delivered to the Clerk of Court for distribution to the victim. If

defendant does not apply to the Court with proof of taxes owed on or before December 31, 2024, the Clerk of the Court shall distribute the Reserve Funds to the victim.

Dated this 1st day of December, 2023.

G. Murray Snow
Chief United States District Judge

3